1  DAVID ELDER (SBN 171510)
2  DANNY Y. YOO (SBN 251574)
   SARA P. KUNKEL (SBN 260240)
3  520 S. Virgil Ave., Suite 400
   Los Angeles, CA 90020
4  TEL: (213) 387-8400 ext. 33
5  FAX: (213) 381-8555

6  Attorneys for Plaintiffs

7
             UNITED STATES DISTRICT COURT
8
            CENTRAL DISTRICT OF CALIFORNIA
9

10  KEITH DAVIS, et al.,              )  Case No.: CV11-3728 DSF (JCx)
                                      )
11           Plaintiffs,              )  **PROTECTIVE ORDER**
                                      )
12      vs.                           )  **[CHANGES MADE BY COURT]**
                                      )
13                                    )
    MOON-JOHNSON LIVING TRUST,        )
14  et al.;                           )
                                      )
15           Defendants.              )
                                      )
16                                    )

17

18      The Parties, having entered into a Stipulation for the entry of a Protective

19  Order to govern the disclosure, dissemination, and use of "Confidential

20  Information" produced by the parties in this action, and the Court having reviewed

21  the Stipulation and finding good cause for the entry of such an order with the

22  modifications contained herein, hereby orders that the following Protective Order

23  ("the Order") shall apply to any information designated as "Confidential" pursuant

24  to agreement of the parties or order of the Court.

25      **1.  Confidential Information.**

26      Plaintiff Housing Rights Center, Inc. (HRC) contends that information

27  regarding the investigative techniques employed by HRC staff and information

28

_____

relating to any investigation carried out by the HRC is confidential and the public disclosure of such information would jeopardize ongoing and future testing of other property owners' practices in Los Angeles County and would tax the limited resources of the HRC by requiring them to continually find and employ new anonymous testers and new investigative techniques.  Therefore, Plaintiff HRC seeks to keep documents related to its testers and investigative techniques as confidential.  *See Shammouh v. Karp*, 1996 WL 637804, *1 (E.D. Pa. Nov. 4, 1996) (holding good cause exists to treat as confidential information regarding the identities of testers and the investigative techniques employed by such testers).

Any documents or things produced in discovery that contain or reveal Confidential Information or that are designated as Confidential Information under the terms of the Order, and all copies, recordings, abstracts, excerpts, analyses, court filings, or other writings that contain, reflect, reveal, suggest, or otherwise disclose such Confidential Information shall be deemed to be Confidential Information.  The Parties shall designate as Confidential Information only documents or things or other information related to HRC's testers and investigative techniques.

The provisions of the Order shall not apply to information which can be shown by competent evidence to be: (1) in the public domain at the time of disclosure or, through no fault of the Receiving Party, in the public domain after the time of disclosure; (2) known to or developed by the Receiving Party prior to the time of disclosure; or (3) obtained from a third party having no obligation to protect such information from disclosure.

### 2.  Parties.

A "Disclosing Party" is the party who produces or discloses Confidential Information, or on whose behalf such information is disclosed, to a receiving

party's attorneys.   A "Receiving Party" is any party (either Plaintiff or a Defendant) that receives or is permitted to receive Confidential Information from the Disclosing Party under the Order.

**3.  Service Bureau.**

A Service Bureau is a person, agency, or organization engaged by counsel or any party to perform clerical document handling, stenographic, computer data entry, or other services in support of litigation, whose participation is reasonably necessary for the litigation, who has received a fully executed copy of the Order, and whose owner or legal representative has executed an agreement to be bound by the terms of the Order.

**4.  Limited Use.**

Confidential Information disclosed by a Disclosing Party under the Order shall be used by the Receiving Party only for purposes of this litigation and not for any business, commercial, scientific, competitive, or other purpose whatsoever.

**5.  Identification.**

A.    Confidential Information may be designated by a Disclosing Party as "Confidential" by marking it as "Confidential" or by designating the information as "Confidential" by any separate writing sufficient to identify the information which is provided to the Receiving Party.  The Parties shall designate as Confidential Information only documents or things or other information related to HRC's testers and investigative techniques.

B.    Where such designation is made by stamping or similar means, it shall be made by placing notice on the document, thing, response to discovery, deposition or court transcript or record, information, or document stored on diskette or otherwise in computer usable form, or tangible thing or object, in such a manner as will not interfere with the legibility or accessibility of the Confidential Information.

C.    Information and documents designated as "Confidential Information" shall be subject to the disclosure restrictions of the Order.   Any Receiving Party or other person who agrees in writing to be bound by this Protective Order who receives a document so designated is subject to this Protective Order and the jurisdiction of the Central District of California for enforcement of the Order.

**6.  Inadvertent Failure to Designate.**

In the event that a party discovers after they have produced information that they have inadvertently failed to designate as "Confidential Information," that was not designated as Confidential, the disclosing party may designate the information as Confidential by a subsequent notice in writing identifying the information and furnishing the correct designation, in which event the parties shall henceforth treat such information as provided in the Order, and shall undertake a best effort to retrieve any disclosure, dissemination, or use of such information prior to re-designation.

**7.  Disclosure to Court.**

Confidential Information may be filed with the Court under seal only by following the requirements set forth in Local Rule 79-5 and Paragraph 6 of the Standing Order for Cases Assigned to Judge Dale S. Fischer issued on May 3, 2011 in this action (Docket No. 27).

**8.  Disclosure to Counsel.**

Except as otherwise provided in this Order, Confidential Information shall be produced only to the legal counsel of the Receiving Parties and to their experts or consultants retained in this action.   Confidential Information shall also be available to counsel's employees or independent contractors provided they execute a copy of the Order agreeing to be bound.

**9.  Disclosure to Others.**

A.     Any party to this proceeding and the party's representative having a need for access to the Confidential Information shall be entitled to receive all information designated hereunder as Confidential Information subject to the terms and restrictions set forth in the Order.  Except as otherwise provided in this Order, Confidential Information may not be disclosed to any other persons or entities except under the following circumstances:

(1) Upon written permission of the Producing Party;

(2) By Order of the Court;

(3) By a disclosure to a Service Bureau who has agreed to be bound by the terms of the Order, and executed an agreement to do so.

B.     Each receiving Party may provide its expert(s)/consultant(s) with Confidential Information only after such expert/consultant has been given a fully executed copy of the Order and has agreed to be bound by it by executing an agreement to do so.

C.     No Confidential Information may be disclosed to persons under Paragraph 9, other than the parties hereto and their counsel, unless prior to such disclosure, the persons to whom disclosure is intended to be made, read an executed copy of the Order, agree to be bound by it, and sign an agreement to do so.

D.     Counsel for each Receiving Party shall prepare and maintain a log of all persons to whom it discloses the Confidential Information of each party and the specific Confidential Information disclosed.

**10.  Return of Documents.**

Within 90 days of either settlement or final judgment that is not appealed or subject to further legal proceedings, each Receiving Party or other person who has agreed in writing to be bound by this Order and is in possession or control of

Confidential Information shall be obligated to return to any Disclosing Party all Confidential Information, and all copies thereof.

**11.  Continuing Jurisdiction.**

This Order shall survive the final conclusion of this action.

**12.  Applicability of Order.**

The Order shall bind and apply to the Receiving Parties and all other persons who agree in writing to be bound by this Order and receive Confidential Information.

The Order shall not apply at trial in the event of trial.

**13. Disputes**

Any disputes regarding the Protective Order are subject to Local Rule 37.

IT IS SO ORDERED.

Dated:   September 1, 2011                              _____/s/_____

                                                       Honorable Jacqueline Chooljian
                                                       United States Magistrate Judge